**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCH DEVELOPMENT CORP. and | ) | |
| DANA-FARBER CANCER INSTITUTE, | ) | |
| INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 15-cv-06597 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| GENENTECH, INC. and OSI | ) | |
| PHARMACEUTICALS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This Order and the accompanying Statement provide additional detail regarding the Court's 9/6/2016 oral ruling granting Defendants' motion to stay litigation pending *inter partes* review [44].

## STATEMENT

Defendants Genentech, Inc. ("Genentech") and OSI Pharmaceuticals, LLC ("OSI") moved to stay this litigation pending *inter partes* review ("IPR") of U.S. Patent No. 7,838,512 ("the '512 patent") by the U.S. Patent and Trademark Office ("PTO"). (Dkt. No. 44.) Plaintiffs Arch Development Corp. ("Arch Development") and Dana-Farber Cancer Institute, Inc. ("Dana-Farber") opposed the motion.

### I.    Background

The '512 patent, entitled "DNA Damaging Agents in Combination with Tyrosine Kinase Inhibitors," issued in November 2010. On July 28, 2015, Arch Development and Dana-Farber filed this suit against Genentech, alleging that it induced infringement of the '512 patent. On September 22, 2015, Arch Development and Dana-Farber amended the complaint to include similar allegations against OSI. Genentech and OSI deny infringement, asserting that the claims of the '512 patent are invalid. On May 13, 2016, Genentech and OSI filed with the PTO a request for IPR of the '512 patent, seeking a decision invalidating the patent as obvious in light of prior art.

### II.    Legal Standards

The Court has the "inherent power to manage [its] docket[] and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon,*

*Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)). When assessing the merits of a motion to stay, courts generally consider three factors: (1) whether a stay would unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *See, e.g.*, *Select Retrieval, LLC v. Abt Elecs.*, No. 11-cv-03752, 2013 WL 6576861, at *3 (N.D. Ill. Dec. 13, 2013) (citing *Pfizer, Inc. v. Apotex, Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).

The mere "fact that the IPR will cause some degree of delay" does not dispose of the prejudice factor. *Ignite USA, LLC v. P. Mkt. Intl., LLC*, 14-cv-00856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014). That is because "[d]elay in itself . . . does not constitute undue prejudice." *Black & Decker Inc. v. Positec USA, Inc.*, 13-cv-03075, 2013 WL 5718460, at *2 (N.D. Ill. Oct. 1, 2013). With respect to the simplification factor, the Court must "evaluat[e] whether [IPR] would simplify the issues in question, not whether [IPR] could eliminate every issue in the case." *Id.* at *2. And when all of the claims at issue in a federal court case are subject to the petition for IPR, the simplification factor weighs strongly in favor of a stay. *See, e.g., Ignite*, 2014 WL 2505166, at *2 ("Even if the claim is held to be valid, that too would simplify the remaining issues and might encourage settlement."); *Black & Decker*, 2013 WL 5718460, at *1 ("If the claim is held to be valid, that too would simplify the remaining issues and might encourage settlement, because [the parties] will be estopped from arguing to this court that the claim is invalid."). The final factor—reduction of burden—considers the burden not only on the parties but also on the court.

## III.    Discussion

Defendants argue that a stay would not unduly prejudice either party because this litigation is in its early stages. In response, Plaintiffs contend that a stay would prejudice them because they would lose time. But, as noted above, "[d]elay in itself . . . does not constitute undue prejudice." *Black & Decker*, 2013 WL 5718460, at *2. Considering the potential delay in light of the potential benefits, the Court cannot conclude that a stay would unduly prejudice any party here.

The Federal Circuit has noted that one purpose of reexamination is to eliminate the trial of validity issues. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983). This rationale applies equally to IPR. The PTO's decision to cancel any claim asserted in the patent in suit would resolve infringement and validity issues. On the other hand, if the PTO reviews and declines to cancel the claims, the PTO's expert perspective would facilitate the trial of validity issues here. *See Old Reliable Wholsesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 548 (Fed. Cir. 2011) (observing that the "PTO has acknowledged expertise in evaluating prior art and assessing patent validity"). Thus, as a general rule, IPR is likely to narrow the issues in a case because the PTO may declare the patent at issue invalid or, at the very least, apply its expertise to claim construction. While the PTO's review and determination that the patent at issue is not invalid would not bind this Court, the PTO's claim construction still would provide helpful guidance. *See, e.g., Arrivalstar S.S. v. Canadian Nat. Ry. Co.*, No. 08-cv-01086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) ("[A] stay very well may simplify the litigation by awaiting the

application of the PTO's expertise to the patents-in-issue regardless of the PTO's ultimate rulings.").

Plaintiffs argue that the "majority rule" is for courts to stay litigation not when a petition for IPR is filed but only after the PTO grants such a petition. For that proposition, they cite *RR Donnelley & Sons Co. v. Xerox Corp.*, 12-CV-6198, 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013). But that case does not stand for such a broad proposition; instead, the court held merely that the proposed review there would not much simplify the issues because it would cover only some of the patents in suit. In the present case, however, Defendants seek IPR of the only patent in this suit. Moreover, Plaintiffs cite no case from this District other than *R.R. Donnelley* taking the so-called majority approach. Even if Defendants end up arguing against the PTO's position, the PTO's expert treatment of the patent in issue will assist the Court. The simplification factor strongly weighs in favor of a stay.

The final factor for the Court to consider is the reduction of burden. Simultaneous proceedings create a risk of unnecessary expenditure of judicial resources. *Ignite*, WL 2505166, at *4. Defendants here argue that granting a stay during this early stage of the proceedings will reduce the burden of litigation on the parties and the Court. The Court agrees. Thus, the third factor also weighs in favor of a stay.

## IV.    Conclusion

For the foregoing reasons, the Court finds that the balance of the factors weighs in favor of staying this litigation pending completion of the IPR proceedings. Defendants' motion to stay proceedings is therefore granted.

Dated:  December 21, 2016

_____
Andrea R. Wood
United States District Judge